**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-61361-CIV-DAMIAN**

**MAURICIO SANCHEZ HERNANDEZ**,

Petitioner,

v.

**ASSISTANT FIELD OFFICE DIRECTOR,**
**BROWARD TRANSITIONAL CENTER,** *et al.,*

Respondents.
_____________________________________________/

**ORDER DISMISSING PETITION AS DUPLICATIVE**

**THIS CAUSE** is before this Court on Petitioner, Mauricio Sanchez Hernandez's ("Petitioner"), Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"), filed May 6, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 7] on May 29, 2026, and Petitioner filed a Reply [ECF No. 8] on May 31, 2026. Petitioner thereafter filed a Motion for Ruling on Pending Petition for Writ of Habeas Corpus [ECF No. 9] on September 8, 2026.

Petitioner previously filed a § 2241 petition before this Court in *Sanchez Hernandez v. Noem*, Case No. 26-60438-CIV-DAMIAN (S.D. Fla. Feb. 17, 2026) (the "First Action"). In the First Action, this Court entered an Order on March 30, 2026, granting the petition in part and directing Respondents to afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release him. [26-60438 ECF No. 10 at 7]; *see* ECF No. 1-4. Petitioner received a custody-redetermination hearing before an Immigration Judge on April 1, 2026, after which the Immigration Judge denied bond. [26-60438 ECF No. 1-5]. That same day, Petitioner filed an Emergency Motion to Reopen and for Immediate Release Based on

Immigration Judge's Non-Compliance with this Court's Order in the First Action [26-60438 ECF No. 11] (the "Emergency Motion"). On June 17, 2026, this Court entered an Omnibus Order denying the Emergency Motion. [26-60438 ECF No. 22]. After reviewing the record of the April 1 bond proceedings, this Court concluded that Petitioner "was afforded an individualized bond hearing that comports with this Court's March 30, 2026 Order and with due process." *Id.* at 4. Because this Court does not sit as an appellate court to review bond determinations of the immigration courts, there was no further relief this Court could provide in the First Action. *Id.*

Before this Court entered the Order denying Petitioner's Emergency Motion, and, thus, while the First Action was pending, Petitioner, who is represented by counsel, filed the Petition in the instant action on May 6, 2026. [ECF No. 1]. Although Petitioner's counsel failed to comply with the instructions in the Civil Cover sheet requiring that counsel indicate whether this is a refiled action (*see* ECF No. 1-1), the Petition itself makes clear that the issues Petitioner raises have been addressed in the First Action.

"Federal courts retain broad powers to prevent duplicative or unnecessary litigation." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." (citations omitted)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))). "[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief

do not significantly differ between the two actions." I.A. Durbin, Inc., 793 F.2d at 1551 (citations omitted).

This Court finds that the instant Petition bears all three hallmarks of a duplicative filing. First, Petitioner challenges his detention by federal immigration officials in both actions. Second, Petitioner raises overlapping challenges to the April 1, 2026 custody-redetermination hearing in both actions. In the First Action, Petitioner argued in the Emergency Motion that the Immigration Judge failed to comply with this Court's March 30, 2026 Order by, among other things, relying on *Matter of D-J-*, Petitioner's pending removal order, and marriage-related considerations and failing to meaningfully analyze the evidence submitted in support of release. Emergency Mot., First Action, [26-60438 ECF No. 11 at 2–3, 7–11]. In the instant Petition, Petitioner challenges the same April 1 hearing on substantially the same grounds. *See* Pet. at 5–16. Third, Petitioner seeks substantially the same relief from his continued detention. Compare Pet. at 2, 17, with Emergency Mot., First Action, [26-60438 ECF No. 11]. Accordingly, the parties, issues, and available relief do not significantly differ between the two actions, and the instant action is duplicative of the First Action.[1] *See I.A. Durbin, Inc.*, 793 F.2d at 1551.

---

[1] The undersigned observes that even if these issues had been raised in the First Action, as this Court explained in the Omnibus Order in the First Action, Petitioner is not entitled to relief because this Court does not have jurisdiction to act as an appellate court to review decisions of immigration judges. [26-60438 ECF No. 22]. Although Petitioner cites *Zadvydas v. Davis*, 533 U.S. 678 (2001), in the Motion for Prompt Ruling, he has not raised a claim for relief pursuant to that case in the First Action, and it is not clear that he would be entitled to such relief if he did. The undersigned is sympathetic to the circumstances in which Petitioner finds himself and the burden it has placed on his family, but absent jurisdiction, this Court cannot afford the relief Petitioner seeks and certainly not in this refiled action.

Accordingly, based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **DISMISSED WITHOUT PREJUDICE** as duplicative. All pending motions, if any, are **DENIED AS MOOT**, including the **Motion for Prompt Ruling [ECF No. 9**]. The Clerk is directed to **CLOSE** this case.

Any relief based on the issues addressed in the First Action should be raised in that case.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 26th day of September, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record